IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GUIDEONE MUTUAL INSURANCE COMPANY and HARTFORD STEAM BOILER,<br><br>    Plaintiffs,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 4:17-CV-00034-ODS |

## ORDER AND OPINION (1) GRANTING PLAINTIFFS' MOTION TO AMEND, AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

Pending are Defendant Honeywell International Inc.'s ("Honeywell") Motion to Dismiss (Doc. #11), and Plaintiffs Guideone Mutual Insurance Company and Hartford Steam Boiler's Motion for Leave to File First Amended Complaint (Doc. #13). For the reasons below, the Court grants Plaintiffs' motion, and denies as moot Honeywell's motion.

On January 18, 2017, Honeywell removed this case from the Circuit Court of Jackson County, Missouri. Doc. #1. On January 25, 2017, Honeywell moved to dismiss, arguing Plaintiffs were not the real parties in interest, and Plaintiffs failed to state a claim upon which relief can be granted. Doc. #11. Plaintiffs opposed Honeywell's motion, and sought leave to file an amended complaint, which substituted Christ Community Evangelical Free Church ("Christ Community") as Plaintiff, and addressed alleged pleading deficiencies identified in Honeywell's motion to dismiss. Doc. #13-1.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to...be substituted into the action." Fed. R. Civ. P. 17(a)(3). Additionally, a party is allowed to amend its pleading as a matter of course

within twenty-one days after service of a motion under Rule 12(b).  Fed R. Civ. P. 15(a)(1)(B).

Plaintiffs' motion for leave to file an amended complaint was made fourteen days after Honeywell's motion under Rule 12(b), within the twenty-one days allowed by Rule 15(a)(1)(B).  The substitution of Christ Community shortly after a challenge under Rule 12(b) is within a "reasonable time" contemplated by Rule 17(a).  The Federal Rules of Civil Procedure were meant to ensure litigants with bona fide complaints have their case adjudicated on the merits.  *Crowder v. Gordons Transps., Inc.*, 387 F.2d 413, 418 (8th Cir. 1967) (citation omitted).

Honeywell argues allowing the substitution of Christ Community would be prejudicial and futile because an amended complaint would not relate back.  Therefore, Honeywell argues, the action would be barred by the applicable statute of limitations.  Honeywell identifies the alleged futility of the proposed amended complaint as evidence of prejudice, but does not identify further prejudice it would suffer.  Regarding Honeywell's argument about the futility of amendment, the Court notes Rule 17(a)(3) provides, "[a]fter...substitution, the action proceeds as if it had been originally commenced by the real party in interest."  Fed. R. Civ. P. 17(a)(3).  Whether the amended complaint relates back to the initial complaint is a question for the Court to resolve at a later date.

The Court grants Plaintiffs' motion to file its First Amended Complaint.  The Court denies as moot Honeywell's motion to dismiss.  Plaintiffs shall electronically file their First Amended Complaint on or before March 16, 2017.

IT IS SO ORDERED.

DATE: March 13, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT